UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT ELLIOT SMITH, LPA,** *et al.***,**

    **Plaintiffs,**

v.

Civil Action 2:12-cv-00065
Judge Michael H. Watson
Magistrate Judge E.A. Preston Deavers

**TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,**

    **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiffs' Motion for Leave to Amend Complaint and for Remand to State Court. (ECF No. 6.) Plaintiffs specifically seek to add Heidi Urbanic as a Defendant in this action. Because the addition of Ms. Urbanic would defeat the Court's diversity jurisdiction in this matter, Plaintiffs also move the Court to remand this case to the Franklin County Court of Common Pleas. Defendant, on the other hand, maintains that the addition of Ms. Urbanic, and the subsequent remand that would result, is improper pursuant to 28 U.S.C. § 1447(e).

As a preliminary matter, Defendant's Motion for Leave to File Sur-Reply Brief Instanter is **GRANTED**. (ECF No. 16.) The Clerk is **DIRECTED** to file Defendant's Sur-Reply in Opposition to Plaintiff's Motion for Leave to Amend Complaint and for Remand to State Court. (ECF No. 16-1.)

For the following reasons, Plaintiffs' Motion for Leave to Amend is **DENIED** and it is **RECOMMENDED** that the Court **DENY** Plaintiffs' request for remand.

## I. BACKGROUND

Plaintiffs, Scott Elliot Smith and his law firm, Scott Elliot Smith, LPA, bring this action against Defendant, Traveler Casualty Insurance Company of America, alleging breach of an insurance contract and bad faith. Plaintiffs submit that they entered into a commercial general liability agreement with Defendant. According to Plaintiffs, this agreement obligated Defendant to defend them against various types of lawsuits. Plaintiffs maintain that they have been sued in various counterclaims in an ongoing state-court lawsuit, and Defendant has denied their claim for defense and failed to provide defense costs as well as attorney fees. Plaintiffs originally filed this action on December 20, 2011 in the Franklin County Court of Common Pleas. Defendant removed the action to this Court invoking diversity jurisdiction on January 20, 2012.[1]

On March 13, 2012, Plaintiffs filed the current Motion. Plaintiffs seek to add a bad faith claim against Ms. Urbanic, a claims adjuster and employee of Defendant, for her role in denying Plaintiffs' claims for defense and indemnity. Plaintiffs assert that the Ohio Supreme Court's decision in *Nat'l. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St. 3d 594 (Ohio 2009) motivates their request for amendment. In *Wuerth*, the Ohio Supreme Court held that a law firm cannot be "liable for legal malpractice unless one of its principals or associates is liable for legal malpractice." 122 Ohio St. 3d at 594. Plaintiffs posit, in light of *Wuerth*, that Ohio law may now require that they bring a claim against Ms. Urbanic in order to hold Defendant liable for bad faith. Plaintiffs submit that because Ms. Urbanic is a resident of Ohio, her addition would destroy complete diversity and require remand pursuant to 28 U.S.C. § 1447.

Defendant opposes amendment and remand. Defendant contends, among other

---

[1] Plaintiffs are both citizens of Ohio for the purposes of diversity jurisdiction, while Defendant is a Connecticut corporation.

arguments, that Plaintiffs' primary purpose in seeking amendment is to defeat diversity jurisdiction and that the Ohio Supreme Court's decision in *Wuerth* is not applicable to Plaintiffs' claims. Accordingly, Defendant maintains that granting amendment, and thus requiring remand, would be improper under 28 U.S.C. § 1447.

## II. STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend should be freely granted. Because Plaintiffs seek amendment to add a non-diverse defendant, however, 28 U.S.C. § 1447 applies to the circumstances of this case. The statute specifically provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Consequently, if the Court permits a plaintiff to add a non-diverse defendant, the statute requires remand. *Williamson v. Recovery Ltd. P'ship*, No. C2-06-292, 2009 WL 649841, at *6 (S.D. Ohio Mar. 11, 2009).

With regard to the standards of 28 U.S.C. § 1447(e), this Court has recently determined that the issue is discretionary:

> Although the Sixth Circuit has not addressed the standard that governs the application of 28 U.S.C. § 1447(e), it is clear from the language of the statute and its application by other courts that denial of leave to amend in order to join an additional party under the statute is discretionary. . . .
>
> In exercising the Court's discretion under 28 U.S.C. § 1447(e), courts have considered "the diverse defendant's interest in selecting a federal forum . . . together with four other factors: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities." [*J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp.2d 613, 618 (E.D. Mich. 2005)] (internal quotation marks omitted).

*Kunkel v. CUNA Mut. Ins. Soc.*, No. 2:11–CV–492, 2011 WL 4948205, at *1–2 (S.D. Ohio Oct.

18, 2011).

### III.  ANALYSIS

In this case, the Court finds that the 28 U.S.C. § 1447(e) factors weigh in favor of denying amendment.  First, based on the totality of the circumstances of this action, the Court infers that Plaintiffs are motivated by a desire to defeat diversity jurisdiction.  Plaintiffs sought to add a non-diverse party relatively soon after removal and before discovery commenced.  Given the evidence before the Court, it is undisputed that Defendants were aware of Ms. Urbanic's identity and general role in denying Plaintiffs' claim prior to filing their original Complaint in state court.[2]  As other federal courts have indicated, such timing and circumstances suggest that Plaintiffs are attempting to defeat diversity.  *See, e.g.*, *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) ("Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."); *Haskin v. Crop Prod. Servs., Inc.*, No. 1:11–CV–1050, 2012 WL 951638, at *3 (W.D. Mich. Mar. 30, 2012) (finding that the plaintiffs primary motive was to destroy diversity in part because they knew of the non-diverse defendants identity and role in the dispute before filing their original complaint); *Linares v. Home Depot U.S.A., Inc.*, No. 12–60308, 2012 WL 1441577, at *2 (S.D. Fla. Apr. 26, 2012) ("Plaintiff seeks to add a non-diverse defendant immediately after removal but before discovery, which suggests that the amendment is done with specific purpose of destroying diversity jurisdiction.") (internal quotations omitted).

---

[2] Defendant has submitted correspondence between Ms. Urbanic and Plaintiff Smith which was drafted prior to Plaintiffs' December 2011 Complaint including a January 21, 2011 letter from Ms. Urbanic denying coverage of Plaintiffs' claims.  (ECF No. 12-5.)

Plaintiffs indicate that their primary or sole purpose in seeking amendment is not to defeat diversity jurisdiction. Rather, Plaintiffs emphasize that their purpose in adding Ms. Urbanic is to protect their action from dismissal in light of the Ohio Supreme Court's decision in *Wuerth*. Nevertheless, as Defendant notes, *Wuerth* was decided well before Plaintiffs filed their original Complaint in state court. Plaintiffs have provided no rationale for their inability to account for *Wuerth* in their original Complaint. Furthermore, for the reasons discussed below, *Wuerth* is not applicable to the circumstances of this case and the Court finds Plaintiffs' purported concerns to be highly speculative. In light of these circumstances, the Court strongly suspects that Plaintiffs' purpose in seeking to amend is at least partially, if not primarily, to defeat jurisdiction. Accordingly, this factor weighs in favor of denying amendment.

Second, although Plaintiffs' were dilatory in bringing their Motion to Amend, the Court does not find their tardiness to be a determinative factor. Plaintiffs waited almost fourth months after filing their original Complaint, and almost two months after removal, to move for amendment and remand. The Court acknowledges that other federal courts have found similar conduct to be dilatory. *See Multi-Shot, LLC v. B & T Rentals, Inc.*, No. H-09-3283, 2010 WL 376373, at *9 (S.D. Tex. Jan. 26, 2010) (collecting cases for the proposition that "when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction . . . [a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory") (internal quotations omitted). Nevertheless, as Plaintiffs stress, their Motion was filed prior to the Court's preliminary pretrial conference and before discovery in this case. Overall, the Court finds that this factor does not weigh strongly in favor of either position.

Third, the Court is not convinced that Plaintiffs will be prejudiced if it denies

amendment.³ Plaintiffs contend that it is possible, pursuant to *Wuerth*, that Ohio law requires them to bring a claim against Ms. Urbanic in order to hold Defendant liable for bad faith.⁴ Upon review of Ohio law, however, the Court finds *Wuerth* inapplicable to the current case. In *Wuerth*, the Ohio Supreme Court addressed the following certified question from the United States Court of Appeals for the Sixth Circuit: "Under Ohio law, can a legal malpractice claim be maintained directly against a law firm when all of the relevant principals and employees have either been dismissed from the lawsuit or were never sued in the first instance?" 122 Ohio St. 3d at 594. As noted above, the Court ultimately answered the question in the negative, holding that a law firm cannot be "liable for legal malpractice unless one of its principals or associates is liable for legal malpractice." *Id.*

To reach this answer, the Court divided the question into two parts: "one, whether a law firm may be directly liable for legal malpractice . . . and two, whether a law firm may be held vicariously liable for malpractice when none of its principals or employees are liable for malpractice or have been named as defendants." *Id.* at 596. The Court first held that a law firm may not be directly liable for malpractice. *Id.* at 597–98. Drawing a parallel to medical malpractice actions, the Court reasoned that it is the lawyer, and not the law firm, who practices law and, therefore, may commit legal malpractice. *Id.* Second, following a review of vicarious

---

³ Defendant maintains, and Plaintiffs do not appear to dispute, that should Plaintiffs prevail it will be able to fully satisfy any judgment. Accordingly, the Court will assume that Plaintiffs would suffer no prejudice in this regard.

⁴ The parties dispute whether Plaintiffs could even state a viable cause of action for bad faith against a claims adjuster under Ohio law. In weighing the 28 U.S.C. § 1447(e) factors the Court will assume, without deciding, that Plaintiffs state a colorable claim against Ms. Urbanic. *See Wiseman v. Universal Underwriters Ins. Co.*, 412 F. Supp. 2d 801, 806 (S.D. Ohio 2005) (finding "a reasonable basis in Ohio law for concluding that Ohio courts may recognize a claim based on negligence or wanton and reckless conduct on the part . . . [of a] claims adjuster").

liability, the *Wuerth* Court held that "a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." *Id.* at 600.

In this case, the Ohio Supreme Court's holding in *Wuerth* does not require Plaintiffs to bring a claim against Ms. Urbanic in order to proceed with their bad faith cause of action against Defendant. A bad faith claim against an insurer is wholly different in nature than a legal malpractice action against a law firm. In particular, the tort of bad faith arises because "'[b]ased on the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured.'" *Ohio Natl. Life Assur. Corp. v. Satterfield*, 194 Ohio App. 3d 405, 412–13 (Ohio Ct. App. 2011) (quoting *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 272, 276 (Ohio 1983)); *see also McKimm v. Westfield Nat. Ins. Co.*, No. 2000CA00274, 2002 WL 927353, at *5 (Ohio Ct. App. May 6, 2002) ("[T]he insurer does owe a duty of good faith in its exercise of its responsibility to receive, investigate and provide a defense where legally required under the terms of the contract."). Consequently, although in a legal malpractice claim it is the lawyer—not the law firm—who practices law, for the purposes of a bad faith insurance claim it is the insurer—not the claims adjuster—who owes the duty of good faith. Here, Plaintiffs recognize in both their original and proposed Amended Complaints that it is Defendant, and not Ms. Urbanic, who is the insurer under the relevant contract.[5] (*See* Am. Compl. ¶ 5, ECF No. 6-1.) Accordingly, Plaintiffs' bad faith claim goes to a violation of Defendant's duty to them.

Even assuming, however, that Plaintiffs' bad faith claim seeks to hold Defendant vicariously liable, Plaintiffs read *Wuerth* too expansively. The Ohio Supreme Court did not

---

[5] Notably, in their Amended Complaint, Plaintiffs bring a breach of contract claim directly against Defendant. (*See* Am. Compl. ¶ 16–17, ECF No. 6-1.)

7

reject the general notion that "a party injured by an agent may sue the principal, the agent, *or* both . . . ." 122 Ohio St. 3d at 599 (emphasis added). Rather, the Court emphasized that a law firm could only be liable for legal malpractice if one of its lawyers was liable. *Id.* at 600.

Contrary to the implication within Plaintiffs' briefing, various Ohio courts have already considered the scope of *Wuerth*. Ohio courts, as well as this Court, have interpreted *Wuerth* narrowly and rejected contentions that, outside of the malpractice setting, agents or employees must be named as defendants for claims of vicarious liability to succeed. *See, e.g.*, *Tisdale v. Toledo Hosp.*, No. L–11–1005, 2012 WL 929694, at *9 (Ohio Ct. App. Mar. 16, 2012) ("We note that the First, Second, and Seventh Appellate Districts have likewise concluded that *Wuerth* does not apply to a hospital's nurse-employees and, under respondeat superior, they do not need to be named in the complaint."); *Stanley v. Cmty Hosp.*, No. 2010 CA 53, 2011 WL 941527, at *5 (Ohio Ct. App. Mar. 18, 2011) ("*Wuerth* does not preclude a suit against Community Hospital for the negligence of its employee nurses despite the fact that the nurse or nurses were not named as defendants in Stanley's complaint."); *Harding v. Transforce, Inc.*, No. 2:11–CV–244, 2011 WL 6941701, at *3 (S.D. Ohio Dec. 15, 2011) (holding, with reference to *Wuerth*, that "[t]he fact that there can be no liability for the principal in the absence of liability of the agent does not mean, however, that the agent must be joined as a party in an action against the principal."); *cf. also Cope v. Miami Valley Hosp.*, 195 Ohio App. 3d 513, 518 (Ohio Ct. App. 2011) (suggesting that *Wuerth* does not "distort the contours of respondeat superior" but "instead carves a careful distinction—that individuals (attorneys and physicians) commit malpractice, but whole entities (firms and hospitals) do not, meaning that a malpractice claim cannot be maintained directly against an entity when all the relevant principals and employees have either been dismissed or were never sued"). Tellingly, Plaintiffs are unable to cite any post-*Wuerth* decisions even

8

suggesting that their bad faith claim against Defendant requires the inclusion of Ms. Urbanic.

Ultimately, considering the relevant 28 U.S.C. § 1447(e), including Defendant's interest in selecting a federal forum, the circumstances favor denial of Plaintiffs' amendment. The record before the Court suggests that Plaintiffs' purpose in seeking amendment is at least in part to divest the Court of diversity jurisdiction. Additionally, the Court is unconvinced that the Ohio Supreme Court's *Wuerth* decision may lead to the potential prejudice that Plaintiffs purportedly fear.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend (ECF No. 6.) is **DENIED** and it is **RECOMMENDED** that the Court **DENY** Plaintiffs' request for remand.[6]

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

---

[6] Additionally, as noted above, Defendant's Motion for Leave to File Sur-Reply Brief Instanter is **GRANTED**. (ECF No. 16.)

9

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 16, 2012  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge