UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT ELLIOT SMITH, LPA,** *et al.***,**

    **Plaintiffs,**

    v.

**TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,**

    **Defendant.**

Civil Action 2:12-cv-00065
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiffs, Scott Elliot Smith, LPA and Scott Elliot Smith, bring this diversity action against Defendant, Travelers Casualty Insurance Company of America. Plaintiffs assert that Defendant had a duty to defend them in a state court action and that its failure to do so was willful, malicious, and in bad faith. This matter is before the Court for consideration of Plaintiffs' Motion to Compel Discovery (ECF No. 43), Defendant's Memorandum in Opposition (ECF No. 44), and Plaintiffs' Reply (ECF No. 45). For the reasons that follow, Plaintiffs' Motion is **GRANTED.**

This matter is further before the Court for consideration of Plaintiff's Motion for Hearing on Motion to Compel. (ECF No. 46.) Plaintiff's Motion is **DENIED AS MOOT.**

## II.

The Court set for the factual background of this case in its September 13, 2013 Opinion and Order. (ECF No. 32.) For ease of reference, the Court incorporates the same background here and will set out only those facts necessary to dispose of the remaining issues.

This discovery dispute arises as a result of the bifurcation of the liability and bad faith claims in this breach of duty action. As is customary, the Court initially agreed to bifurcate discovery in the case. Thus, the Court stayed discovery on the bad faith claim while the parties litigated liability under the insurance contract. (ECF No. 11.) Plaintiffs propounded the subject discovery requests at the time they filed their Complaint. (Pl.'s Mot. 2, ECF No. 43.) Accordingly, Defendant objected to some of the discovery requests on the basis that they were premature under the bifurcation order. (Def.'s Resp. to Pl.'s Interog. and Req. for Prod., ECF No. 43.)

On September 13, 2013, the Court granted Plaintiffs' Motion for Partial Summary Judgment. The Court held that Defendant had a duty to defend Plaintiffs in the state court action. (ECF No. 32.) Now that the coverage issue has been addressed, this case remains pending on Plaintiffs' bad-faith claims and to determine damages for Defendant's breach of the insurance contract.

On October 3, 2013, Defendant filed a Motion seeking an entry under Federal Rule of Civil Procedure 54(b) that there is "no just reason for delay," a certification for an interlocutory appeal, or alternatively for reconsideration ("Motion for Certification"). (ECF No. 35.) In its Motion, Defendant requests a stay of the case while the appeal is pending. On the same day Defendant filed its Motion for Certification, the Court conducted a pretrial conference with all parties. During the conference, the Court addressed Defendant's Motion for Certification. Despite Defendant's request for a stay, the Court established a case schedule with the understanding that the case would proceed on schedule "unless and until the Court grants Traveler's Motion." (ECF No. 36.) The Court set March 31, 2014 as the deadline for fact discovery and July 31, 2014 as the deadline for expert discovery. Despite the Court's Order,

Defendant has continued to object to Plaintiff's discovery requests relating to their bad faith claims on the basis of prematurity.

Plaintiffs filed the subject Motion to Compel on November 12, 2013. Plaintiffs seek an Order compelling Defendant to provide complete responses to Interrogatory Number 8 and to produce documents responsive to Request for Production Number 10. The disputed requests are as follows:

> **INTERROGATORY NO. 8:** Identify all persons involved in the decision not to renew Policy Number I-680-8967M639-ACJ-08.
>
> **REQUEST FOR PRODUCTION NO. 10:** Produce all documents and electronically stored information relating to the decision not to renew Policy Number I-680-8967M639-ACJ-08.

Defendant previously objected to these requests because they involved Plaintiffs' bad faith claims and thus were premature prior to the Court's September 13, 2013 Order. Plaintiffs argue that, despite the Defendant's pending Motion for Certification, the Court has addressed the issue of liability and the bad faith claim is now ripe for discovery under the current Scheduling Order.

Plaintiffs also seek an Order compelling Defendant to provide documents responsive to Request for Production of Documents Number 8. Defendant objected to this request on the basis of attorney-client privilege and the work-product doctrine. The disputed request is as follows:

> **REQUEST FOR PRODUCTION NO. 8:** Please produce all documents and electronically stored information provided to, obtained from, or in the possession of, any employee of, or anyone hired by, Defendant Travelers relating to Plaintiffs' claims and the subject lawsuit, and specifically relating to why coverage and a defense were denied, including but not limited to:
>
>> A. Any documents and electronically stored information that specify the basis for denial of coverage and a defense as to Plaintiffs' claims and the subject lawsuit; and

> B. Any documents and electronically stored information relating to the decision making process utilized in denying coverage and a defense.

Plaintiffs contend that attorney-client privilege and the work-product doctrine are "inapplicable to documents and communications made prior to the denial of coverage." (Pl.'s Mot. 4, ECF No. 43.) Alternatively, Plaintiffs seek to require Defendant to submit all documents noted in its Privilege Log to the Court for an *in camera* inspection. Finally, Plaintiffs request that the Court order Defendant to pay the expenses and attorney fees incurred in bringing their Motion to Compel.

Defendant opposes Plaintiffs' Motion. Defendant contends that discovery into Plaintiffs' bad faith claims remains premature. Defendant maintains that the Court should hold discovery in abeyance until it rules on the Motion for Certification. Finally, Defendant argues that the release of the potentially privileged information will undermine its defense of the breach of contract claim which, according to Defendant, remains under consideration because of the pending Motion for Certification.

## II.

Plaintiffs have moved the Court for an order compelling Defendant to respond to their discovery requests. Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). The Court is satisfied that this prerequisite to a motion to compel has been met in this case. (Pl.'s Mot. 5, ECF No. 43.)

Rule 37 of the Federal Rules of Civil Procedure allows for a motion to compel discovery responses when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37 (a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

### III.

As set forth above, Plaintiff seeks an order compelling Defendant to respond to its discovery requests. Defendant asserts that Plaintiffs' requests are premature until the Court rules on its Motion for Certification. The Court will consider the parties' arguments in turn.

**A.      Continuation of Stay of Discovery**

To the extent that Defendant seeks a continuation of the stay of discovery regarding the bad faith claim, that request is denied. Notably, from the outset, Defendant did not have an unqualified right to a bifurcation and stay of Plaintiffs' bad faith claim. The law provides no absolute rule that a coverage claim should always be bifurcated from a bad faith claim. *Chubb Custom Ins. Co. v. Grange Mut. Cas*. Co., No. 2:07-cv-1285, 2008 WL 4823069, at *3 (S.D. Ohio Nov. 3, 2008) (collecting cases in which bifurcation was denied). And, like bifurcation, the decision whether to stay discovery until preliminary issues are decided is discretionary. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)); *see also Ferro Corp. v. Continental Cas. Co.,* No. 1:06CV1955, 2008 WL 5705575, at *5 (N.D. Ohio Jan. 7, 2008) (noting that, in an insurance action alleging bad faith, court has discretion in whether or not to stay discovery on bad faith claims until coverage issues are resolved). Thus, to the extent Defendant moves to continue the discretionary stay, the request is **DENIED**.

**B.	Prematurity**

Following the Court's ruling on coverage, the Undersigned issued an Order requiring that discovery into Plaintiffs' bad faith claims proceed on schedule, despite Defendant's pending Motion for Certification. (ECF No. 36.) The Court initially notes that, pursuant to Southern District of Ohio Local Civil Rule 72.3, this Order "remains in full force and effect unless and until it is stayed by the Magistrate Judge or a District Judge." S.D. Ohio Civ. R. 72.3.

In any event, the requested discovery is no longer premature. Accordingly, Defendant must respond to Plaintiffs' discovery requests to which it initially objected as premature. The Court has granted partial summary judgment to Plaintiffs on the issue of liability. Until the Court rules on the Motion for Certification, its grant of summary judgment is a final order. *See, e.g., Avnet, Inc. v. Amtel, Inc.*, No. Civ. A. 91-0383B, 1994 WL 705433, at *16 (D.R.I. Nov. 29, 1994) (holding that the court's entry of summary judgment was a "final and definitive adjudication of the plaintiffs' contribution claims . . . despite the fact that it had not been certified pursuant to FRCP 54(b)"); *Pub. Interest Research Group of New Jersey, Inc. v. Yates Indus., Inc.*, No. 89-5371 (AET), 1992 WL 373169, at *2 (D. N.J. Nov. 29, 1994) (noting that Rule 54(b) is not intended to "inject uncertainty into litigation where the court has previously made a firm holding"); *Stanford v. Kuwait Airlines Corp.*, No. 85 Civ. 0477(SWK), 1987 WL 26829, at *2 (S.D.N.Y. Nov. 25, 1987) (holding that "although an order of dismissal is subject to revision and not appealable until it is certified, it stands as a dismissal").

Defendant is therefore **ORDERED** to provide responses to Interrogatory Number 8 and to produce documents responsive to Request for Production of Documents Number 10 **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

## C. Attorney-Client Privilege and the Work-Product Doctrine

The Court now turns to Defendant's objections on the basis of attorney-client privilege and the work-product doctrine. Federal Rule of Civil Procedure 26 generally prohibits discovery of privileged materials. Fed. R. Civ. P. 26(b)(1). "The burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota,* 197 F.3d 821, 825 (6th Cir. 1999); *see also Jones v. St. Jude Med. S. C., Inc.,* No. 2:08–cv–1047, 2011 WL 829086, at *4 (S.D. Ohio Mar. 3, 2011) (indicating that if documents in question are otherwise discoverable, a party opposing discovery pursuant to the work-product doctrine bears the burden of demonstrating that the documents in question were prepared in anticipation of litigation). In diversity cases, the Court applies state law to resolve attorney-client privilege issues. Fed. R. Evid. 501; *see also In re Powerhouse Licensing, LLC,* 441 F.3d 467, 472 (6th Cir. 2006) (applying Ohio law to resolve attorney-client privilege claims).

Both Plaintiffs and Defendant cite to the same Ohio Supreme Court case as support for their positions on disclosure of materials subject to the attorney-client privilege. In *Boone v. Vanliner Ins. Co.*, 91 Ohio St. 3d 209 (2001), the court considered the scope of discovery to which an insured is entitled in pursuing a claim of bad faith. There, the defendant-insurance company refused to produce claims file documents on the basis of attorney-client privilege and the work-product doctrine. The court defined the issue as follows:

> The issue before us is whether, in an action alleging bad faith denial of insurance coverage, the insured is entitled to obtain, through discovery, claims file documents containing attorney-client communications and work product that may cast light on whether the denial was made in bad faith.

*Boone*, 91 Ohio St. 3d at 211-12. As Plaintiffs point out, the Ohio Supreme Court held that the insured was entitled to discovery of claims file materials containing attorney-client

7

communications "related to the issue of coverage that were created prior to the denial of coverage." *Id.* at 213-14; *see also Unklesbay v. Fenwick*, 167 Ohio App. 3d 408, 415 (2006) (concluding that "claims-file materials showing an insurer's lack of good faith in processing, evaluating, or refusing to pay a claim are unworthy of protection afforded by the attorney-client or work-product privilege"). The court noted, however, that if the defendant had been concerned about whether the documents at issue would "undermine its ability to defend on the . . . underlying claim . . ." it would have moved the court to stay the bad faith claim. *Id.* at 213. Here, Defendant argues that it did just that by requesting that the Court bifurcate discovery in this case. Further, Defendant contends that, because of its pending Motion for Certification, the underlying liability claim remains under the Court's consideration.

   The Court finds Defendant's arguments unpersuasive. This case has progressed to the point of consideration of Plaintiffs' bad faith claims. Ohio law does not afford an insurer the protection of the attorney-client privilege for claims-files materials that could reveal the insurer's lack of good faith in rendering its coverage determinations. The disputed Request for Production seeks documents relating to Defendant's denial of insurance coverage. Defendant is not entitled to claim attorney-client privilege for such documents. To the extent that Defendant has objected solely on the basis of attorney-client privilege, it must produce unredacted versions of documents responsive to Plaintiffs' requests.

   The Court's conclusion with regard to attorney-client privilege does not resolve the claims notes to which Defendant objected under the work-product doctrine. Unlike attorney-client privilege, "[i]n a diversity case, the court applies federal law to resolve work product claims . . . ." *Powerhouse Licensing,* 441 F.3d at 472; *see also Scotts Co. LLC v. Liberty Mut. Ins. Co.*, No. 2:06-CV-899, 2007 WL 1500899, at *3 (S.D. Ohio May 18, 2007) (concluding that federal law

8

controls the analysis concerning documents withheld pursuant to the work-product doctrine);

*Zigler v. Allstate Ins. Co.*, No. 1:06CV2112, 2007 WL 1087607, at *2-3 (N.D. Ohio Apr. 9, 2007) (applying the standard in Federal Rule 26(b)(3) to work-product issues).

> In *Boone*, the Supreme Court of Ohio held as follows:
>
> [I]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage. At that stage of the claims handling, the claims file materials will not contain work product, *i.e.*, things prepared in anticipation of litigation, because at that point it has not yet been determined whether coverage exists.

91 Ohio St. 3d at 213-14. The Federal Rules of Civil Procedure provide that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Fed. R. Civ. P. 26(b)(3). To determine whether a document has been prepared "in anticipation of litigation" the Court must ascertain "(1) whether that document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." *In re Professionals Direct Ins.* Co., 578 F.3d 432, 429 (6th Cir. 2009) (quoting *United States v. Roxworthy,* 457 F.3d 590, 594 (6th Cir. 2006)).

Plaintiffs' Motion to Compel does not present a work product dispute sufficiently defined for this Court's consideration. Plaintiffs merely assert that "the requested information will not contain work-product, as it was not prepared 'in anticipation of [the] litigation' . . . ." (Pls' Mot. 4, ECF No. 43.) Defendant does not address the issue at all, relying instead on its untenable position that all discovery of the information is premature. Accordingly, as it relates to the documents withheld under the work-product doctrine, the Court encourages the parties to attempt to resolve the issue by reference to standards of federal law and the provisions of this Order.

**D.     Sanctions Under Rule 37**

Plaintiffs ask this Court for an award of attorneys' fees and costs incurred in attempting to resolve these ongoing discovery disputes and in bringing the instant Motion.  Rule 37(a)(5)(A) provides as follows:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided after Filing).*  If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>
> (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  The Court concludes that Plaintiffs are entitled to attorneys' fees under Rule 37(a)(5)(A).  The Court ruled on Plaintiff's Motion for Partial Summary Judgment on September 13, 2013, thus ending the liability phase of the litigation.  The Motion for Certification did not vitiate this Order.  In its October 3, 2013 conference, the Court imposed discovery deadlines and specifically informed the parties that the case would proceed as planned until the Motion for Certification was addressed.  The discovery deadline is rapidly approaching.  Defendant, however, persists in its refusal to provide the discovery responses on the basis of their prematurity.  The Court limits the fee award, however, to fees incurred in connection with filing the instant Motion, review of Defendant's Memorandum in Opposition, and preparation of Plaintiffs' Reply to Defendant's Memorandum in Opposition.

The Court encourages the parties to reach an agreement concerning the appropriate amount of fees to be awarded. In the event the parties cannot reach such an agreement, Plaintiffs shall file a supplemental memorandum in support of their requested attorneys' fees and expenses, setting forth information that would permit the Court to assess the reasonableness of the fees requested, including the timekeeper, rate, and explanation of work, to the extent counsel may do so without violating the attorney-client privilege **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

### IV.

For the reasons set forth above, Plaintiffs' Motion to Compel is **GRANTED.** (ECF No. 43.) Defendant is **ORDERED** to respond fully to Plaintiffs' discovery requests **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**. To the extent that Defendant objects on the basis of the work-product doctrine, the parties are **DIRECTED** to confer. Finally, Defendant's counsel is **ORDERED** to pay Plaintiffs their reasonable attorneys' fees and expenses associated with bringing this Motion. Plaintiff's Motion for Hearing on Motion to Compel (ECF No. 46) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: January 14, 2014                                         */s/ Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge